Read, J.,
in delivering the opinion of the court, said:'
‘‘This is clearly no provision for his children, such as is' contemplated by our wills’ act and the policy of the law.”
In Waterman v. Hawkins, 63 Maine, 156, it is said that “a child of a testator, born after his death, can not, in any proper sense of the term, be deemed provided for in his will by a general devise of a reversion to the heirs of the testator.”
These cases are cited with approval in the case of Rhodes v. Weldy, 46 Ohio St., 234, where the construction of section 5959, Revised Statutes, was involved, and seem to require that the provision for an after-born child should be not only substantial, but for his direct and immediate benefit. There are cases, such as Block v. Block, 3 Mo., 407, and Bowen v. Hoxie, vol. 18, Reporter (Boston), 721, in which it is held that the meaning of the statute is that if the testator unintentionally omits to provide, or omits to make a provision which is intended for such child, etc., the child shall take as if the parent had died intestate, or, in, *200 ■other words, the intention of the testator when ascertained must control.
It may be said in answer to this proposition that the .statute does not profess to state a rule of evidence, but to •declare a rule of law. It provides that an after-born child not provided for in the' will shall nevertheless receive a .share of the estate. In the case of Chace v. Chace, 6 Rhode Island, 407, where a like statute was under consideration. the court say:
“Upon the whole we are of the opinion that by the terms ■of the sixth section the legislature intended to, and did, prescribe a rule of law, that if an after-born child is not provided for in the will, he shall be let into his share of the inheritance, and that without regard to the will or intent of the parent.”
The same general doctrine prevails in this state, to-wit: That the intention of the testator can not control in the construction of a will, when it is in conflict with the law or against public policy, Carter v. Reddisch et al., 32 Ohio St., 1.
That this statute is a positive rule of law, and not to be controlled by the intention of the testator, is in some measure evidenced by the fact that in section 5905, Revised Statutes, relating to an after-born child, the testator having no child living at the time of the execution of the will, there is a provision that “such will shall be deemed revoked, unless such child shall have been provided for in the will, or in such way mentioned therein as to show an intention not to make such provision;” and that in section 5961 there is no proviso or limitation depending on the intention of the testator,
It is further claimed that section 5961 repeals by implication section 5914, Revised Statutes, which permits a testator to give and bequeath his property to any person by last will and testament. It does not repeal the latter section, but only places a limitation upon the general power; just as section 5915, relating to charitable bequests, and section 5963, relating to dower, restrict that power.
In Doyle v. Doyle, Jr , et al., 50 Ohio St., 330, it is said at page 345:
“The power to make a will is not an incident of the jus *201 disponendi. It is conferred by statute; and if tbe wills’ act were repealed, all tbe property of a deceased person would descent and be distributed as provided by Jaw. Hence the extent of the power, what property, and what interest in it may be disposed of by will, and to whom, may be, and is, prescribed by statute.”
Chris. Von Seggern and Rattermcmn & Ward, for Plaintiff in Error.
Renner, Gordon & Renner, contra.
It may be admitted that no sound reason can be advanced why an after-born child, not provided for in a will, should be made more secure in his inheritance under section 5961 than under section 5959; yet the wisdom of protecting his interest can not be questioned, and as the legislature has, in express terms, done so in this case, there was no error in rendering a decree in his favor. Judgment affirmed.